BURMAN, APPELLANT, *v.* LACH ET AL., APPELLEES.

(No. 81AP-1033—Decided June 29, 1982.)

*Messrs. Brownfield, Bowen, Bally & Sturtz, Mr. C. William Brownfield* and *Mr. James W. Lewis,* for appellant.

*Messrs. Porter, Wright, Morris & Arthur, Mr. William M. Todd* and *Mr. James E. Pohlman,* for appellee Lach.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

Plaintiff-appellant, Mary Ann Burman, was admitted to Mt. Carmel Medical Center on May 4, 1979 and was dis-charged on May 21, 1979. During this time she was continuously under the primary care and treatment of defendant-appellee Dr. Ralph D. Lach, who was assisted by employees of defendant-appellee Mt. Carmel Medical Center. The physician-patient relationship was terminated on May 21, 1979.

In compliance with R.C. 2305.11(A), plaintiff sent Dr. Lach written notice of her intent to bring suit on April 30, 1980, which he received on May 2, 1980. Thereafter, on November 12, 1980, one hundred ninety-four days after he received such notice, plaintiff filed a complaint for medical malpractice against defendants. During the one hundred eighty day extension period, in which to begin the action, beginning from the date notice was received, Dr. Lach was absent from the state for twenty-six days.

The trial court granted summary judgment for defendants because plaintiff did not timely file her action within the statute of limitations.

Plaintiff asserts the following assignment of error:

"The trial court erred in holding that the saving clause (R.C. 2305.15) is inapplicable to R.C. 2305.11(A) during the 180-day period after a potential defendant in malpractice receives written notice of a plaintiff's contemplated suit, where the potential defendant thereafter voluntarily absents himself from the state during such period."

R.C. 2305.11(A) reads in relevant part:

"An action for * * * malpractice, including an action for malpractice against a physician, * * * shall be brought within one year after the cause thereof accrued, * * *."

A medical malpractice action in Ohio accrues upon termination of the physician-patient relationship, which in this action was May 21, 1979. *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164 [54 O.O.2d 283].

Nevertheless, R.C. 2305.11(A) further specifies:

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given."

Plaintiff filed her action on November 12, 1980, which was one hundred ninety-four days after Dr. Lach received written notice of her intent. Dr. Lach, however, was out of the state for twenty-six days during that time span. Thus, if the tolling provision of R.C. 2305.15 applies to the foregoing extension provision, plaintiff timely filed her action.

R.C. 2305.15 reads as follows:

"When a cause of action accrues against a person, if he is out of state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

Consequently, R.C. 2305.15 applies to the limitation period for commencing an action set forth in R.C. 2305.11(A), as it specifically refers to R.C. 2305.04 to 2305.14, inclusive. Hence, it follows that the General Assembly did not designate R.C. 2305.11(A) as an exception to R.C. 2305.15. Accordingly, the tolling provisions of R.C. 2305.15 apply to the one hundred eighty day extension period included in R.C. 2305.11(A).

For the foregoing reasons, plaintiff's assignment of error is well taken and sustained. The trial court's judgment is reversed and remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed and*
*cause remanded.*

MCCORMAC and MOYER, JJ., concur.